937 F.2d 603
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDDER AND GARTEN PROFESSIONAL ASSOCIATION, Plaintiff-Appellant,
v.
AMERICAN CASUALTY COMPANY, a subsidiary of CNA Insurance
Companies, Defendant-Appellee.
 No. 90-2410.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1991.
Decided July 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-3342-JH)
 Howard J. Schulman, Baltimore, Md., for appellant.
 Vincent Timothy Bambrick, Niles, Barton & Wilmer, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Professional Association of Fedder and Garten (Fedder and Garten) appeals the grant of summary judgment to its casualty insurer, American Casualty Company (American Casualty) in Fedder and Garten's declaratory judgment action seeking to resolve a dispute as to the nature of the insurance policy's coverage of a fire loss. The district court ruled in American Casualty's favor as to the nature of the coverage, and held further that Fedder and Garten had forfeited all coverage by failing to appear for an examination respecting its claim of loss. We agree with the court's interpretation of the policy's coverage, but disagree with its further holding that Fedder and Garten as insured had forfeited its coverage.
 
 
 2
 * In February 1985, American Casualty issued Broad Form Business Policy No. 20 232 62 45 (hereinafter "the policy") to Fedder and Garten, P.A. This policy included the following provision:
 
 COVERAGE D--ADDITIONAL PROPERTY COVERAGE
 
 3
 2. Valuable Papers. We will pay up to $1,000 or the amount specified in Limits of Coverage for expenses for reproduction of books of account, drawings, card index systems, and other business records when caused by a peril insured.
 
 
 4
 In July 1987, one of Fedder and Garten's storage facilities caught on fire, and approximately 7800 files were destroyed. Fire is an insured peril under the policy, and the storage facility was insured for "Valuable Papers" up to $100,000.
 
 
 5
 Fedder and Garten filed a declaratory judgment action in the Circuit Court for Baltimore County, Maryland, seeking a declaration that American Casualty was liable for the full $100,000 coverage for damages to the files. American Casualty removed the case to federal district court. In the district court, American Casualty filed a motion for summary judgment. Although it acknowledged that the policy issued to Fedder and Garten covers reproduction costs of the files lost in the fire, American Casualty contended that Fedder and Garten must first incur the cost of reproducing the files before it can recover.
 
 
 6
 In addition, American Casualty argued that Fedder and Garten was barred from recovering under the policy because it had materially breached the insurance contract by failing to appear for an examination under oath. Under the section entitled "CONDITIONS APPLICABLE TO SECTION I," the policy states:
 
 
 7
 8. If a Loss Occurs. In case of loss under Section I, You must do the following:
 
 
 8
 h. Submit to examination under oath if requested.
 
 
 9
 In a letter dated June 28, 1989, American Casualty had demanded that Fedder and Garten appear for an examination under oath. American Casualty instructed Fedder and Garten to bring documentation of costs incurred in reproducing files as of the date of the examination. Fedder and Garten admits that it did not appear for this examination.
 
 
 10
 The district court ruled for American Casualty on both issues. First, it held that the plain meaning of the word "expenses" in the policy was expenses already incurred, as contended by American Casualty, and not expenses to be incurred, as contended by Fedder and Garten.
 
 
 11
 Second, the district court held that under relevant insurance law, American Casualty did not need to show that it was actually prejudiced by Fedder and Garten's failure to appear for the examination but that Fedder and Garten was required to show good cause for failing to appear. Because the court found that Fedder and Garten's asserted reasons for failing to appear for examination did not constitute good cause, it determined that Fedder and Garten was barred from recovering under the policy.
 
 
 12
 This appeal followed.
 
 II
 
 13
 The question of the policy's coverage was a classic one of contract interpretation. Essentially, Fedder and Garten argued that under the coverage provision it was entitled, upon proof of a loss of its files and of the reasonably anticipated expenses of reproducing all those lost, to recover the total amount thus proven. American Casualty contended to the contrary that coverage extended only to expenses actually incurred, hence that payment was only due upon proof that specific files had been reproduced and of the expense of doing so.
 
 
 14
 The district court decided this coverage issue in American Casualty's favor, giving "expenses" as used in the critical policy provision its usual meaning of costs already incurred. We cannot find error in this interpretative decision, and we affirm it on the basis of the district court's decision. Fedder and Garten Professional Ass'n v. American Casualty Co., CA-89-3342-JH (D.Md. May 24, 1990).
 
 III
 
 15
 The question whether Fedder and Garten had in any event forfeited all coverage under the policy is a more difficult one. As indicated, the district court ruled that forfeiture had occurred by Fedder and Garten's failure to appear for oral examination following their notice of loss.
 
 
 16
 If one looks only to the bald provision respecting this obligation, it may seem an absolute one, and Fedder and Garten's non-appearance upon demand necessarily a breach of the absolute obligation, hence a forfeiture of all coverage. The district court so ruled, but we disagree with that ruling.
 
 
 17
 As Fedder and Garten points out, at the time demand for oral examination was made upon it, the parties were locked in fundamental dispute about the nature of the policy's coverage. On that coverage depended the nature of any claims of loss that the insured would be entitled to make under the policy, hence of any proof of those claims that it could proffer upon examination. As long as the coverage question remained unresolved, examination for the purpose of establishing entitlement to specific recovery would be futile. In other words, though the obligation to appear for examination was written in terms that might be thought absolute, it necessarily assumed that the policy's coverage--hence the nature of any claim of loss that could be made--was not in dispute. Here, that precondition to obligation did not exist--the parties were genuinely in dispute about it.
 
 
 18
 This is illustrated here by the fact that American Casualty's demand for examination instructed Fedder and Garten to bring all documents and records which are evidence of the costs incurred ... as of the date of the examination to replace or reproduce files which were damaged or destroyed in the fire in question.
 
 
 19
 J.A. at 61. This of course reflected American Casualty's contention as to the nature of the policy's coverage. But it was completely at odds with Fedder and Garten's, which was then being specifically asserted in the settlement negotiations then going on between the parties.
 
 
 20
 Under the circumstances, we think the district court erred in applying the obligation as an absolute one, and its violation a forfeiture of coverage. We hold instead that the demand was, under the circumstances, premature, hence that the failure of Fedder and Garten to respond to it did not constitute a forfeiture of coverage.
 
 IV
 
 21
 In sum, we affirm the district court's determination that the policy covers only expenses actually incurred in reproducing particular files, but we reverse the district court's determination that Fedder and Garten had forfeited its coverage under the policy. Fedder and Garten may submit proofs of loss in accordance with this opinion.
 
 
 22
 AFFIRMED IN PART AND REVERSED IN PART.